## In re HARTMAN.

### (District Court, D. Massachusetts, April 11, 1903.)

#### No. 7,071.

1. BANKRUPTCY—JURISDICTION—PREFERENCES.

　　Section 8 of the Ray bill (Act Feb. 5, 1903, § 8; 32 Stat. 798), amending section 23b of the bankruptcy act of 1898 so as to give the bankruptcy court jurisdiction of suits for the recovery of certain preferences, is qualified by section 19 (32 Stat. 801), which provides that the provisions of the act shall not apply to pending bankruptcy cases.

2. SAME—ADVERSE CLAIMANT.

　　A party to whom it is claimed property of a bankrupt has been conveyed in bad faith is an adverse claimant, and cannot be proceeded against in the bankruptcy court without his consent.

In Bankruptcy.

Daniel B. Beard, receiver, pro se.
Philip Tworoger, for Frankenstein.

LOWELL, District Judge. This is a petition filed by the receiver, seeking the return of property alleged to belong to the bankrupt's estate, and now in the hands of one Frankenstein. The petition alleges that the bankrupt delivered some of his property to Frankenstein at a time when the former was insolvent, and the latter knew the fact; that the purchase by Frankenstein was not made in good faith, but with intent to delay, defraud, and hinder the bankrupt's creditors. The receiver's counsel further alleged, in argument, that the consideration paid the bankrupt by Frankenstein, if there was any, was quite inadequate. Frankenstein, on the other hand, alleged that he had acted in good faith. Frankenstein objected to the jurisdiction, and the referee overruled the objection. Thereupon Frankenstein sought a review by this court.

The petition in bankruptcy and the adjudication were both before the passage of the so-called Ray bill (Act Feb. 5, 1903; 32 Stat. 797), though the receiver's petition was filed after the passage thereof. Counsel for the receiver contended that the jurisdictional amendment made by section 8 of the Ray bill is not subject to the qualification of section 19; but it appears to me that the operation of the Ray bill is confined to cases in which the original petition in bankruptcy has been filed since the Ray act took effect, and that section 19 applies as well to matters connected with a petition in bankruptcy (e. g., preferences,

fees, grounds for refusing discharge, dividends, and jurisdiction) as to the petition itself and to the adjudication. See section 17, where the provisions for an index are made expressly applicable to petitions and discharges heretofore and hereafter filed. The contrary opinion expressed in Collier on Bankruptcy (4th Ed.) p. 533, seems to fly in the face of the plain language of the act.

Counsel for the receiver further contended that, apart from the Ray bill, this court has jurisdiction; but the claim of Frankenstein must be treated as an adverse claim, within the cases of Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Louisville Trust Co. v. Cominger, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413; Jaquith v. Rowley, 23 Sup. Ct. 369, 47 L. Ed. ——.

For these reasons, the judgment of the referee is reversed.