### In re ADAMS.

(District Court, D. Rhode Island. May 25, 1904.)

#### No. 427.

**1. BANKRUPTCY—JURISDICTION OF COURT—ADVERSE CLAIM TO PROPERTY.**

A claim by one who acquired possession of property of a bankrupt before the filing of the petition in bankruptcy that such property was delivered to him in part payment of a debt, and that he had no reasonable cause to believe that a preference was thereby intended, is clearly an adverse claim, which a referee has no jurisdiction to summarily determine on its merits, except by the claimant's consent.

In Bankruptcy. On appeal from order of referee made on summary petition requiring Otto J. Nass to surrender certain property.

Gainer & Gorham, for Otto J. Nass.

Chas. C. Remington, for the trustee.

BROWN, District Judge. The claim of Nass that, before the filing of the petition in bankruptcy, he had received the property in question as part payment of a debt, and that he had no reasonable cause to be-

lieve that it was intended thereby to give a preference, was clearly an adverse claim. In re Hartman, 10 Am. Bankr. Rep. 387, 121 Fed. 940. The referee, however, found as facts that the taking of possession by Nass was without authority from Adams; that Nass knew, or had reasonable cause to know, that the taking constituted a preference, and that the taking of the property was equivalent to trover and conversion, and carried no title; that, in consequence thereof, Nass had not even a colorable claim to title. This was not a decision that, upon the facts as claimed by Nass, he was not an adverse claimant, nor an inquiry into the existence of an adverse claim; but a decision of the merits of an adverse claim of right, and a finding that the claim was not adverse because, in the opinion of the referee, it was not, as a matter of evidence, meritorious in point of fact. As it is clear from the report of the referee, and from his decree, that Nash was, properly speaking, an adverse claimant, the referee, upon objection, should have declined to finally adjudicate the merits of the case on a summary petition. Mueller v. Nugent, 184 U. S. 1, 15, 22 Sup. Ct. 269, 46 L. Ed. 405; Louisville Trust Co. v. Comingor, 184 U. S. 18, 25, 22 Sup. Ct. 293, 46 L. Ed. 413; Jaquith v. Rowley, 188 U. S. 620, 625, 23 Sup. Ct. 369, 47 L. Ed. 620; In re Tune (D. C.) 115 Fed. 906.

The order of the referee is overruled.