(42 Misc. Rep. 278.)

### BLOCH v. BLOCH.

(Supreme Court, Trial Term, New York County. December, 1903.)

1. RECEIVER OF FIRM—SUBSEQUENT BANKRUPTCY—COMPENSATION.

Where a receiver in an action to dissolve a partnership has been appointed in a state court, and within four months the firm has been adjudicated bankrupt, and a receiver in bankruptcy has been appointed, on his application to the state court for the fund in compliance with the order of the bankrupt court the state court will order its receiver to pay over to him such fund, and the state receiver must apply to the bankruptcy court for the allowance of his commissions and expenses.

2. SAME—ACCOUNTING—DISCHARGE.

Where a receiver is appointed in an action to dissolve a firm in a state court, and thereafter the firm is declared bankrupt, and the receiver turns

over its assets to the receiver in bankruptcy, he may, on motion, settle his accounts, and obtain a cancellation of his bond, and a discharge of himself and his sureties.

Action by Samuel E. Bloch against Solomon M. Bloch. Motion by receiver of the partnership in question for an order to pay out of funds in his hands certain obligations contracted by him as receiver, and to determine his compensation, and for a direction to pay the balance to a receiver of the firm appointed in bankruptcy proceedings. Denied.

Blumenstiel & Blumenstiel, for receiver in state court.
Blandy, Mooney & Shipman, for receiver in United States court.

CLARKE, J. This action was commenced September 3, 1903, for dissolution of a partnership composed of the parties hereto. A receiver of the assets of the firm was appointed on the same day, and he immediately entered upon the performance of his duties. On the 2d of October, 1903, certain creditors filed a petition in the United States District Court praying that the partners and the firm be adjudicated bankrupts, and on the same day a receiver in bankruptcy of the assets of the firm was appointed by the United States court. Upon a motion by the receiver in bankruptcy in the United States District Court for an order directing the receiver in this action to turn over all property of the bankrupts, the judge of the District Court directed that application be first made in this court. An order was thereupon made, on consent, by this court, directing the transfer of all property in the custody of the state receiver, except $10,000, which, upon request by the state receiver that sufficient money be retained to cover his commissions, counsel fees, and expenses, the receiver in this action was permitted to hold "subject to such future disposition as may be ordered made of the same." All the property, with the exception of this $10,000, has been turned over to the receiver in bankruptcy. Motion is now made by the receiver in this action for an order directing him to pay certain obligations contracted by him as receiver, and that this court do now determine the compensation to be allowed him and his attorneys, and that he be directed, after making such payments, to pay over the balance of the fund in his possession to the receiver in bankruptcy. And he further prays for an order canceling the bond given by him in this court and discharging him and his sureties from all liability. This motion is opposed by the receiver in bankruptcy and certain creditors on the ground that all the assets of the plaintiff and defendant herein are now custodio legis in the United States District Court in the bankruptcy proceeding, and cross-motion is made for an order directing the receiver of this court to pay over the entire fund to the receiver in bankruptcy.

Under the national bankruptcy act it has been repeatedly held that the jurisdiction of the bankruptcy court over assets of bankrupts is necessarily exclusive and supreme, except as to such portions thereof as may have been seized in some suit in a state court more than four months before the adjudication in bankruptcy. Matter of Watts & Sachs, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Bryan v. Bernheimer, 181

U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814; Matter of Knight (D. C.) 125 Fed. 35. In the case last cited, after reviewing the authorities, the court says:

"In short, under the statute, as construed by the courts, the line of demarcation is plain, and the established rule is this: Whenever, in a suit in a state court, the property of a debtor has come into the custody of that court, its right to control and administer it for the purposes of that suit is superior to that of the bankruptcy court, provided such suit was commenced and the seizure made before the beginning of the four months' period referred to; but if the suit was begun and the seizure made within that period, the right of the bankruptcy court over the property is not only superior, but after the adjudication is exclusive, regardless of what has been done in the state court, whose jurisdiction in such cases is divested by the bankruptcy proceedings."

In the case before me the suit was begun and the property of the debtors taken into the custody of this court by its receiver within four months of the filing of the petition in bankruptcy. The officer of this court admits that he holds $10,000 unadministered in his hands, and prays direction of this court as to its distribution. The state court has no longer authority to direct the manner in which the fund shall be applied, for its jurisdiction over the same has been divested by the bankruptcy proceedings. The purpose of the bankruptcy act was to provide for the marshaling and distribution of the property of bankrupts upon uniform and equitable principles, and for this reason it has been provided that all claims, with the exception already mentioned, be brought into the bankruptcy court. The claims are not abrogated by the change of jurisdiction, and, if they are just, they will be enforced in the bankruptcy court, where the Congress has directed that such claims shall be determined and enforced in a proceeding to which all creditors are parties. In Matter of Rogers (D. C.) 116 Fed. 435, application was made to the United States District Court for an order that, in the event the state court allowed its receiver to turn over the assets of the debtor to the trustee in bankruptcy, without requiring his fees and expenses first to be paid, the trustee should promptly pay them, and that they should be a first lien on all the assets of the bankrupt. The court, at page 437, said:

"Upon consideration the court declines to pass the order sought, or any similar order. The trustee either has or has not the right to the possession of the assets of the bankrupt in the hands of the temporary receiver of the state court. That court declines to pass upon the question of dissolving the temporary injunction and receivership in that case on the ground that the proceeding in bankruptcy suspended the proceeding in the state court. If, then, the proceedings are suspended, as is clearly the effect of the bankruptcy law, the state court has no right or authority to fix the fees of its receiver having charge of the property, and less right to refuse to turn over the same until those fees have been paid by the proper officer of the bankrupt court. If the assets are delivered to the trustee by the receiver of the state court, this court will consider any application for compensation which may be made by officers of the state court, and, if allowable, will grant suitable compensation; but it must definitely decline to recognize the authority of the state court to incumber the assets of the bankrupt by a judgment of this character, especially when accompanied by the ruling that such assets will not be delivered to the trustee in bankruptcy until the allowances thus made by the state court are paid off and discharged."

The paramount jurisdiction of the bankruptcy court to adjust the proper claims of officers of the state court has also been recognized in

cases in this district. So, in Matter of Lengert Wagon Co., 6 Am. Bankr. Rep. 535, 110 Fed. 927, where a sheriff had levied upon property on execution issued by the state court, Judge Adams, in directing that application be first made to the state court to transfer property to the receiver in bankruptcy, said, "When the property is delivered to the receiver of this court, the sheriff may apply here for the allowance of his reasonable disbursements." In Matter of Lesser Bros., 3 Am. Bankr. Rep. 815, 100 Fed. 433, application was made by a trustee in bankruptcy to stay proceedings in the Supreme Court of this state begun by certain creditors who were seeking to apply to the satisfaction of a judgment in their favor assets of the bankrupts that had been fraudulently conveyed to receivers of this court in an action to dissolve the bankrupts' partnership. Judge Brown held that the trustee in bankruptcy "should apply to the state court to make the proper order for the payment of the assets by its receiver to the trustee in whom they are vested by the bankrupt act. The obligations of the bankrupt act are as binding upon that court as upon this, and it is not to be doubted that on proper application the state court will give appropriate directions"; and it was further held that, under the circumstances of that case, the bankruptcy court might make a reasonable allowance out of the estate as indemnity for the costs and expenses incurred by the creditors in preserving the estate. This case was affirmed by the United States Circuit Court (5 Am. Bankr. Rep. 320), with an additional direction expressly authorizing the creditors named to appear in the state court, and there make application for allowance for their costs and expenses. The United States court thereby recognized its paramount control by giving an otherwise unnecessary authorization, and delegated its power to adjust the compensation to the state court. The bankruptcy court has, in the case at bar, permitted the receiver in bankruptcy to first apply to this court for an order directing the funds to be paid over, and has made no further direction. This is therefore the only order which this court is authorized to make. The receiver appointed by this court cites in support of his contention a dictum by Chief Justice Fuller in Matter of Watts & Sachs, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933. It was held in that case that attorneys who erroneously, but in good faith, advised the state court to seize property which had been voluntarily surrendered to a receiver in bankruptcy were not guilty of contempt of the United States court. In delivering the opinion, Chief Justice Fuller said:

"It has already been assumed that the bankruptcy proceedings operated to suspend the further administration of the insolvent's estate in the state court, but it remained for the state court to transfer the assets, settle the accounts of its receiver, and close its connection with the matter."

In view of the main purpose of the bankruptcy law, and the decisions rendered, I am of the opinion that the settlement of the accounts mentioned does not mean the disbursement by the state court of assets unadministered at the time the proceedings in bankruptcy have been brought, a receiver thereunder appointed, and demand for the property made. This court may, upon motion duly made, settle the accounts of its receiver, recognizing such payments as were already properly made before the petition in bankruptcy was filed (Louisville Trust Co.

v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413), and upon transfer of all assets in possession to the bankruptcy court close his account, cancel his bond, and discharge him and his sureties from liability. The motion of the receiver in bankruptcy that the receiver in this suit pay over the $10,000 in question to the receiver in bankruptcy is granted, but without costs. Settle order on notice. Upon such payment the receiver in this suit may apply to this court for a settlement of his accounts and for his discharge.

Ordered accordingly.