### In re SCHERBER.

(District Court, D. Massachusetts. July 22, 1904.)

No. 8,102.

1. BANKRUPTCY — REFERENCE — RECOVERY—SUMMARY PROCEEDINGS—JURISDICTION.

Where, in the petition of a trustee in bankruptcy to recover an alleged preference by summary proceedings, there was no allegation that respondent's claim was colorable only, and respondent promptly objected to the form of the proceeding, the court of bankruptcy had no jurisdiction to determine the matter except by plenary suit.

In Bankruptcy.

Arthur E. Burr, pro se.

Brandeis, Dunbar & Nutter, for creditor.

LOWELL, District Judge. On January 6, 1904, the trustee in bankruptcy filed with the referee the following petition:

"In the Matter of John F. Scherber, Bankrupt. In Bankruptcy. (No. 8,102.)

"Petition to Recover a Preference from Charles P. Holden, of Boston, in Said District of Massachusetts.

"Respectfully represents your petitioner, Arthur E. Burr, duly appointed trustee of the estate of the aforesaid bankrupt, that said Charles P. Holden is a creditor of the aforesaid bankrupt; that, within four months before the filing of the petition by the aforesaid bankrupt, said bankrupt made a transfer of certain of his property, to the amount of three hundred forty and $26/100$ (340.-26) dollars, to said Charles P. Holden; that the effect of the enforcement of said transfer will be to enable Charles P. Holden to obtain a greater percentage of his debt than any other creditor of the same class; that the said trans-

fer constituted a preference; that said Charles P. Holden had reasonable cause to believe that it was intended by said transfer and preference to give a preference. Wherefore your petitioner prays that he may recover said property, or its value, from said Charles P. Holden, and that this court may make suitable orders and decrees whereby your petitioner may be enabled to recover said property."

The referee thereupon issued the following order of notice:

"To Charles P. Holden, of Boston, in Said District of Massachusetts: You are hereby notified to appear before this court, at 704 Tremont building, in said Boston, on the 20th day of January, A. D. 1904, at 10 a. m., to show cause, if any you have, why you should not be ordered to pay over to Arthur E. Burr, trustee of the aforesaid estate in bankruptcy, the sum of three hundred forty and $26/100$ (340.26) dollars, according to the prayer of the petition of said trustee, filed in this court on the 6th day of January, 1904, in which petition it is alleged that you have received said amount as a preference from the aforesaid bankrupt.                          Emery B. Gibbs, Referee."

Service was accepted by Holden as follows:

"Due and sufficient service of the within order of notice is hereby accepted on behalf of Charles P. Holden, within named.
                                        "Brandeis, Dunbar & Nutter."

Thereafter Holden appeared specially and filed the following motion:

"Motion of Charles P. Holden to Dismiss Trustee's Petition.

"Now comes Charles P. Holden, summoned as respondent in the above matter, appearing specially for this purpose only, and moves that the trustee's petition be dismissed upon the ground that it appears by the face of said petition that the trustee seeks therein to set aside an alleged preference to this respondent by summary proceeding before the referee in bankruptcy, and that by the bankrupt act the referee has no power or jurisdiction to entertain such petition.
"By his Attorneys,                        Brandeis, Dunbar & Nutter."

No evidence being presented, the referee overruled the motion. Holden thereupon filed the following petition:

"Petition for Review.

"Now comes Charles P. Holden, summoned as respondent in the matter of the petition by the trustee for the purpose of setting aside certain payments alleged to have been made by the bankrupt to said respondent as a preference, and says that, in the proceedings before the referee upon said petition, an error has happened, in that said referee has overruled the motion of said respondent that said trustee's petition be dismissed upon the ground that it appeared by the face of said petition that the trustee sought therein to set aside an alleged preference to this respondent by summary proceedings before the referee in bankruptcy, and that by the bankrupt act the referee had no power or jurisdiction to entertain such petition. Wherefore this respondent requests that the referee forthwith certify to the District Judge the question presented, a statement of the trustee's petition, and the motion of this respondent, and the findings and order of the referee thereon.
"By his Attorneys,                        Brandeis, Dunbar & Nutter."

The case presents two questions: (1) May the proceedings in a court of bankruptcy to recover a preference be by summary petition, notwithstanding the respondent's seasonable objection to this form of proceeding, or must they be by plenary suit? (2) Has a referee jurisdiction of proceedings to recover a preference, however framed, if the respondent objects to his exercise of jurisdiction? The case has been ably argued,

and the court has been helped by the acute discussion of counsel on both sides.

1. In re Steuer (D. C.) 104 Fed. 976, this court decided that, in proceedings to recover a preference, where the jurisdiction of the referee was not objected to, and where the summary petition contained all the substantial allegations of a bill in equity, the judge, on appeal from the referee, had jurisdiction to decree the return of the preference, whether the referee originally had jurisdiction of the proceedings or not. See Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814, where it is implied, if not expressly decided, that consent will give jurisdiction to the referee over a summary petition against an adverse claimant, although, without consent, the court of bankruptcy would be altogether without jurisdiction. See, also, In re Thompson (C. C. A.) 128 Fed. 575. Later decisions binding upon this court contain nothing contrary to In re Steuer. But in the case at bar due objection to the jurisdiction was taken. Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413. In White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183, the Supreme Court held that property taken from the custody of a trustee in bankruptcy may be recovered by him summarily, and without a plenary suit. In re Redburn, Ex parte Rochford, 124 Fed. 182, 59 C. C. A. 388; In re Kellogg, 121 Fed. 333, 57 C. C. A. 547; In re Reynolds (D. C.) 127 Fed. 760. If there be anything to the contrary in In re Russell, 101 Fed. 248, 41 C. C. A. 323, it must be taken as overruled. The ultimate disposition of property which has thus come into the possession of the court of bankruptcy may, it seems, be determined by summary proceedings before the referee. See Ex parte Rochford, 124 Fed. 182, 59 C. C. A. 388; In re Kellogg, 121 Fed. 333, 57 C. C. A. 547; Hutchinson v. Le Roy, 113 Fed. 202, 51 C. C. A. 159. But in the case at bar the property was never in the possession of the trustee. In Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, the Supreme Court decided that where the respondent's claim to hold property alleged to belong to the bankrupt estate was merely colorable, and not really adverse, the trustee might recover the property by summary proceedings instituted before the referee, without resorting to a plenary suit. Therefore Mueller v. Nugent decided that in summary proceedings the referee may inquire if the claim is really adverse; declining jurisdiction if this is made to appear, taking jurisdiction if the adverse claim is merely colorable. See In re Durham (D. C.) 114 Fed. 750; In re Tune (D. C.) 115 Fed. 906; In re Waukesha Water Co. (D. C.) 116 Fed. 1009; In re Davis (D. C.) 119 Fed. 950; In re Breslauer (D. C.) 121 Fed. 910; In re Knight (D. C.) 125 Fed. 35; In re Weinger (D. C.) 126 Fed. 875; In re Teschmacher (D. C.) 127 Fed. 728. These cases have not drawn definitely the line between claims only colorably adverse and those which are really so. See In re Krinsky (D. C.) 112 Fed. 972. But the respondent's claim in the case at bar is not alleged in the petition to be merely colorable, and must be taken to be really adverse. Where this is true, and where due objection to the form of proceeding is made, the decisions and language of the Supreme Court imply that a plenary suit must be resorted to. See Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413.

As the Supreme Court has said, this means "risk of the accompaniments of delay, complication, and expense." Mueller v. Nugent, 184 U. S. 14, 22 Sup. Ct. 275, 46 L. Ed. 405. But such is the law. The tendency to relax the requirement of a plenary suit, and to permit proceedings by way of summary petition containing the substantial allegations of a bill in equity, which tendency was manifested in Stickney v. Wilt, 23 Wall. 150, 23 L. Ed. 50, Milner v. Meek, 95 U. S. 252, 24 L. Ed. 444, and White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67, has been corrected by the decisions in Bardes v. Hawarden Bank, 175 U. S. 526, 20 Sup. Ct. 196, 44 L. Ed. 262, and Louisville Trust Co. v. Comingor. To permit summary proceedings in the case at bar would permit them in practically every case. It is true that, in cases where the nature of the proceedings was not particularly considered, the dicta and even the decisions are in some degree conflicting. In In re Whitener, 105 Fed. 180, 44 C. C. A. 434, it was held that the judgment of the District Court, rendered in a controversy between the trustee and a transferee of the bankrupt concerning property in the trustee's possession, was rendered in the exercise of the court's jurisdiction in bankruptcy, and not in the exercise of its general jurisdiction to determine controversies between adverse parties. The judgment was therefore held to be final and subject to no appeal. See Hutchinson v. Le Roy, 113 Fed. 202, 51 C. C. A. 159, to the opposite effect. In Hutchinson v. Otis, 123 Fed. 14, 59 C. C. A. 94, it is implied that "controversies," as distinguished from "proceedings in bankruptcy," may be determined upon summary petition as well as upon plenary suit. The nature of the controversy does not always determine the form of proceeding. See, further, Burleigh v. Foreman, 125 Fed. 217, 60 C. C. A. 109; In re Groetzinger (C. C. A.) 127 Fed. 124. The Ray bill, so called, has not affected the question here before the court. It has given jurisdiction to the District Court over this controversy, but has done nothing to provide that the jurisdiction shall be exercised by summary proceedings on a petition.

2. If the District Court is altogether without jurisdiction to proceed in this case except by plenary suit, it becomes unnecessary here to determine if the referee has original jurisdiction to hear and decide these issues if presented in a plenary suit.

Judgment of the referee reversed. Trustee's petition dismissed.