## In re FRANKLIN BREWING CO.

(District Court, E. D. New York. March 26, 1919.)

1. BANKRUPTCY ⊙⟿293(4)—JURISDICTION OF COURT—ESTOPPEL.
    Parties denying a bankruptcy court's jurisdiction over them and answering to the merits at the same time are estopped from raising the jurisdictional question.

2. BANKRUPTCY ⊙⟿288(1)—MOTION—WHEN PROPER.
    A motion is not the proper procedure for a bankruptcy trustee to recover mortgage interest payments made by the bankrupt before the mortgage was set aside, where various defenses are made to the recovery.

In Bankruptcy. In the matter of Franklin Brewing Company, bankrupt. On motion by the trustees in bankruptcy for an order directing the payment of certain moneys to the trustees. Motion denied without prejudice.

See, also, 254 Fed. 910.

Samuel Evans Maires, of Brooklyn, N. Y., for trustees.

Conrad S. Keyes, of New York City, for respondent People's Trust Co.

Cullen & Dykman, of Brooklyn, N. Y. (Edward J. Byrne, of Brooklyn, N. Y.), for respondent Engel.

Henry F. Cochrane, of Brooklyn, N. Y., for other respondents.

GARVIN, District Judge. This is a motion by Louis Karasik, Christopher L. Meyerdirks, and Thomas W. Maires, as trustees in bankruptcy, for an order directing John, Henry, and Charles Doscher, Gesine Engel, Mathilda C. Behre, and Caroline Candidus, all of whom are children of Claus Doscher, deceased, and hereinafter for conven-

ience described as the Doschers, to each pay over to said trustees the sum of $3,000, making $18,000 altogether, and for a further order directing the People's Trust Company to pay over to said trustees so much of the said sum of $18,000 as the said Doschers shall fail to pay over to the said trustees.

The Franklin Brewing Company, bankrupt herein, on August 10, 1915, made an instrument in writing, purporting to be a trust mortgage, for $450,000, designating the People's Trust Company as trustee, securing a bond issue of $450,000, consisting of 450 coupon bonds, of $1,000 each. The holders of these bonds were the said Doschers who held 75 each. On January 23, 1917, an involuntary petition in bankruptcy was filed against the Franklin Brewing Company, it was adjudicated a bankrupt by this court March 5, 1917, and thereafter the trustees were duly elected and appointed. Subsequently the trustees brought an action against the said People's Trust Company, individually and as trustee under said mortgage, to set aside and cancel the mortgage on the ground that the same was illegal, invalid, and void as against the trustees in bankruptcy of the Franklin Brewing Company, bankrupt, and the creditors of the said bankrupt, represented by the said trustees. As a result of said action the court set aside the mortgage. Thereafter the trustees made a motion in this court for an order directing the said Doschers to surrender and deliver for cancellation to said trustees the said 450 bonds. The motion was granted, and the bonds surrendered accordingly.

On August 8, 1916, the Franklin Brewing Company delivered to the People's Trust Company $18,000 in cash as and for interest from August 10, 1915, to August 10, 1916, upon the said 450 bonds, which sum the People's Trust Company paid over in amounts of $3,000 each to the said Doschers.

The trustees claim that the payment of this $18,000 to the People's Trust Company and the distribution of that sum by the latter in the manner described were illegal, because the mortgage has been set aside and the bonds canceled, and they have therefore made this application.

[1] The Doschers and the People's Trust Company challenge the jurisdiction of the court to compel them by summary order to turn over this money; but, inasmuch as they have at the same time answered to the merits, they are estopped from questioning the court's jurisdiction over them. In re Kornit Mfg. Co. (D. C.) 192 Fed. 392. This makes it unnecessary to pass upon various other questions involving jurisdiction raised by the parties.

[2] It is the contention of the Doschers, however, that the trustees should have included the present demand in their action to set aside the mortgage, and they allege that they, the Doschers, have a counterclaim, and that the trustees have another proceeding pending in which they seek to have allowed the same payment here attempted to be recovered, and the People's Trust Company alleges that it acted in good faith as a mere banker, and without notice of any fraud, when it received and paid out the money. Claims of this character should not be disposed of on a motion.

The motion is therefore denied, without prejudice to a plenary action or actions by the trustees.