### KAIGLER v. GIBSON et al.

(District Court, N. D. Georgia, W. D. April 1, 1920.)

### No. 21.

1. Bankruptcy ⬅293(1)—When trustee can sue in federal court, where no diversity of citizenship involved, stated.

Under Bankruptcy Act, § 23 (Comp. St. § 9607), authorizing trustee to sue in federal court only as bankrupt might have done, except with defendant's consent, or to recover property under sections 60b, 67e, and 70e (Comp. St. §§ 9644, 9651, 9654), a trustee cannot sue in federal court, where there is no diversity of citizenship and no federal question, unless he brings the case within one of the exceptions.

2. Courts ⬅23—Jurisdiction cannot be conferred on federal courts by consent.

As a general rule, jurisdiction of the federal courts, as distinguished from venue, cannot be conferred by consent of the parties.

3. Bankruptcy ⬅293(4)—Answer reserving motion to dismiss for want of jurisdiction does not consent to jurisdiction.

An answer to the merits, accompanied with a motion to dismiss for want of jurisdiction, which motion was expressly reserved in the answer, does not give defendant's consent to the jurisdiction of court, under Bankruptcy Act, § 23b (Comp. St. § 9607).

4. Bankruptcy ⬅293(2)—Court has jurisdiction over suit for property fraudulently transferred by bankrupt.

Under Bankruptcy Act, § 23 (Comp. St. § 9607), the federal court has jurisdiction over a suit by a trustee in bankruptcy to recover property fraudulently transferred by the bankrupt, so that the transfer was void under Bankruptcy Act, §§ 67e and 70e (Comp. St. §§ 9651, 9654).

5. Bankruptcy ⬅293(1)—Court has no jurisdiction over suit to invalidate transfer by bankrupt's mother.

The federal court has no jurisdiction, under Bankruptcy Act, § 23 (Comp. St. § 9607), in the absence of diversity of parties, over a suit by trustee in bankruptcy to invalidate a transfer to bankrupt's wife, made by his mother, on the ground of mental incapacity to transfer.

6. Bankruptcy ⬅293(2)—General motion to dismiss denied, if court has jurisdiction on ground of fraudulent transfer.

Where a trustee in bankruptcy filed a bill to recover property from the bankrupt's wife, alleging that it either was fraudulently transferred by the bankrupt or was transferred by his mother, who had not capacity to make the transfer, a general motion to dismiss the suit was properly denied, since the court had jurisdiction if the property was fraudulently transferred, and the court could retain the suit until the evidence at final hearing disclosed whether recovery could be allowed on that ground.

7. Bankruptcy ⬅293(1)—Suit dismissed when evidence shows only right to recover not dependent on federal action.

Where trustee in bankruptcy sued to recover property on two theories, one of which entitled him to sue in federal court, but his evidence fail-

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ed to sustain that theory, the court will not retain jurisdiction to determine his right to recover under the other theory, but will require him to proceed in a state court having jurisdiction thereof.

In Equity. Suit by H. M. Kaigler, trustee in bankruptcy of L. E. Gibson, against Mrs. F. D. Gibson and another. On exceptions to the findings of referee. Petition dismissed without prejudice, with right to bring suit in a court having jurisdiction of controversy.

A. H. Merrill & Son, of Eufaula, Ala., and Glessner & Collins, of Blakely, Ga., for petitioner.

Yeomans & Wilkinson, of Dawson, Ga., and George H. Perry, of Cuthbert, Ga., for Mrs. Gibson.

SIBLEY, District Judge. Kaigler, as trustee in bankruptcy of L. E. Gibson, brought a plenary suit in equity in the District Court against Mrs. F. D. Gibson and a bank for the recovery of certain money on deposit in her name and an automobile in her possession. The petition alleges that the money in bank and that with which the automobile was bought was inherited by the bankrupt from his mother, Mrs. J. E. Gibson, at her death about a year previous to the bankruptcy, and by him transferred to his wife, Mrs. F. D. Gibson, in fraud of his creditors. It then alleges, "if petitioner is mistaken in the above allegation as to the transfer of said money by L. E. Gibson," that the transfer was made by Mrs. J. E. Gibson in her lifetime, but that she was at the time and afterwards until her death insane and unable to make a gift, and that the gift was an effort to create a trust which was unsuccessful under the Georgia laws, and that at her death L. E. Gibson, as her sole heir, became entitled, and for this cause his trustee should recover.

Mrs. F. D. Gibson moved to dismiss on the ground, among others, that the court was without jurisdiction. An answer to the merits "expressly denying and not consenting to the jurisdiction of the court, but subject to the motion herein filed," was also made. The case was referred to the referee and exceptions to his findings have been made:

[1] 1. Under the pleadings, as well as the proof, Mrs. Gibson was an adverse claimant of the money and automobile in her possession at the time of the bankruptcy, and the jurisdiction of a controversy with her over them is fixed by section 23 of the Bankruptcy Act (Comp. St. § 9607). By that section the trustee could sue in the federal court only as the bankrupt might have done had bankruptcy not intervened, with two exceptions: First, by consent of the defendant; and, second, in suits for the recovery of property under sections 60b, 67e, and 70e (Comp. St. §§ 9644, 9651, 9654). There is no diversity of citizenship and no federal question, and the bankrupt could not have maintained suit in a federal court for the property. The trustee must therefore rely for jurisdiction on the exceptions stated.

[2] 2. It may be doubted whether the consent of the defendant mentioned above extends further than a question of venue, which may be waived. In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, and cases cited; Western Loan Co. v. Butte Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101. As a general rule, federal jurisdiction, properly so called, cannot be so con-

ferred. Minnesota v. Northern Securities Co., 194 U. S. 48, 24 Sup. Ct. 598, 48 L. Ed. 870. In Lovell v. Newman, 227 U. S. 412, 426, 33 Sup. Ct. 375, 380 (57 L. Ed. 577), it was said on this point, in construing this section of the Bankruptcy Law:

"Furthermore, the consent provided for in section 23b certainly was not intended to enlarge the jurisdiction of the Circuit Courts of the United States, so as to give them a jurisdiction which they would not have because of diverse citizenship and a requisite amount in controversy, or by reason of a cause of action arising under the Constitution or laws of the United States."

[3] In this case the referee erred in finding that Mrs. Gibson consented in fact. Her answer to the merits was accompanied with a motion to dismiss for want of jurisdiction, which was expressly reserved in the answer, and any inference of consent that might have arisen from the filing of an answer to the merits was rebutted. Louisville Trust Co. v. Comingor, 184 U. S. 18, 26, 22 Sup. Ct. 293, 46 L. Ed. 413.

[4] 3. Of the two antagonistic causes of action pleaded in the alternative by the trustee, the District Court had jurisdiction of the first, because it made a suit for the recovery of property transferred by the bankrupt in fraud of his creditors, under sections 67e and 70e. Such transfers are voided by the Bankruptcy Act, and suits to annul them are treated as suits arising under the laws of the United States, with no fixed amount required to be involved.

[5] But the second cause of action did not seek to avoid a transfer "of his property * * * made * * * by a person adjudged a bankrupt, * * *" in the language of 67e, nor a "transfer by the bankrupt of his property which any creditor might have voided," in the language of 70e. It was an effort to recover property to which it is claimed the bankrupt had a better title than his wife because of the invalidity of the transfer to her by Mrs. J. E. Gibson. If Mrs. J. E. Gibson had mental capacity, manifestly she might give her property to her son's wife, instead of to his creditors, and even at his wish and request. If she did not have capacity, or the gift was otherwise invalid, her transfer would be void or voidable; but the jurisdiction to try the case is in the state courts, unless the requisites of diversity of citizenship and amount involved exist. Harris v. First National Bank of Mt. Pleasant, 216 U. S. 382, 30 Sup. Ct. 296, 54 L. Ed. 528; Bush v. Elliott, 202 U. S. 477, 26 Sup. Ct. 668, 50 L. Ed. 1114; Lovell v. Newman, 227 U. S. 412, 33 Sup. Ct. 375, 57 L. Ed. 577.

[6] 4. The motion to dismiss, being general, was properly denied, as the court had jurisdiction to try one of the contentions set up. It also had jurisdiction to inquire in a preliminary way as to there being any real substance in the adverse claim of the bankrupt's wife to the possession of the property.

"In many cases jurisdiction may depend on the ascertainment of facts involving the merits, and in that sense the court exercises jurisdiction in disposing of the preliminary inquiry, although the result may be that it finds that it cannot go farther. And where in a case like that before us, the court erroneously retains jurisdiction to adjudicate the merits, its action can be corrected on review." Louisville Trust Co. v. Comingor, 184 U. S. 18, 26, 22 Sup. Ct. 293, 296 (46 L. Ed. 413).

See Linstroth Wagon Co. v. Ballew, 149 Fed. 960, 966, 79 C. C. A. 470, 8 L. R. A. (N. S.) 1204; In re Rathman, 183 Fed. 913, 106 C. C. A. 253.

[7] The evidence taken in this case wholly fails to support the contention of voidable transfer by the bankrupt of his property to his wife. It clearly shows a transfer by Mrs. J. E. Gibson, more than a year before her death. Whether her transfer be invalid for mental incapacity or other cause, with the consequence that the administrator of Mrs. J. E. Gibson, or the bankrupt, or through him the trustee, has a better right to the property than Mrs. F. D. Gibson, can be tried only in a court where L. E. Gibson could have tried the question. It is true ordinarily that, when a federal court appears on the face of a petition to have jurisdiction because a substantial federal question is involved, it has the right and duty to decide all questions, regardless of how the federal question is decided, or whether it is decided at all. Greene v. Louisville R. R. Co., 244 U. S. 499, 37 Sup. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88. But the principle cannot control here. Section 23 of the Bankruptcy Act establishes a rule of denial of jurisdiction, with exceptions stated therein. If a pleader is permitted to state a case within the exceptions untruly, whether by design or by mistake, and then to state it truly and make a case within the rule, and if the court is held to thereby acquire jurisdiction over the whole, it would be possible in every controversy to evade the denial of jurisdiction and make the exceptions to annul the rule. The denial of jurisdiction is as authoritative and binding as are the permissions of the exceptions to it. If the trustee desired to assert a title at law and also a title in equity, he could not do so in a law case with two counts, but would have to go into a court that might entertain questions of law and equity. So, if he desires to press, at the same time, two alternative views of his right to recover against an adverse claimant, he must seek a court that has jurisdiction to entertain the questions arising in both of the views.

It will be ordered that the petition in this case be dismissed, without prejudice to the right of the trustee to bring another suit in a court having jurisdiction of the controversy.