### In re FLOYD.
### No. 21380.

District Court, N. D. California, S. D.

Feb. 20, 1933.

W. L. Claiborne, of Oakland, Cal., for bankrupt.

Charles H. Patterson, of Oakland, Cal., for trustee.

Donahue, Hynes & Hamlin, of Oakland, Cal., for petitioner Bank of Italy National Trust & Savings Ass'n.

ST. SURE, District Judge.

The trustee in bankruptcy filed a petition for an order requiring the Bank of Italy National Trust & Savings Association, etc., hereinafter referred to as the bank, to show cause why it should not turn over to the trustee the sum of $1,532.55. It was alleged in the petition that on November 4, 1931, within four months prior to the filing by said bankrupt of his petition to be adjudged a bankrupt, and while he was insolvent, one Gladys Floyd, etc., in a certain action then pending in the state court, entitled Gladys Floyd, Plaintiff, v. Louis Floyd, Defendant, levied upon, by attachment, the bank

636

account and moneys of said bankrupt on deposit with said bank; that said levy has not been released or discharged. Thereupon the referee issued the order to show cause. In answer to the order to show cause, the bank filed a special appearance, objecting to the jurisdiction of the referee, and alleging that "said respondent has not in its possession or under its control any money or property whatsoever of said bankrupt." Upon hearing, the referee determined that the bankruptcy court had actual possession of the property involved at the time of the adjudication, ordered that the attachment be declared null and void as against the trustee, and that the bank pay to the trustee the sum of $1,532.55.

The referee's certificate on petition for review shows that Lewis Floyd was adjudicated a bankrupt on December 28, 1931; that prior thereto, and on November 4, 1931, said attachment was levied on all moneys of the bankrupt on deposit with the bank. Employees of the bank testified before the referee that the attachment was levied on November 4, 1931, by Gladys Floyd against *Louis* Floyd, and that the account with *Lewis* Floyd was closed on November 7, 1931; that the sole reason why the bank did not recognize the attachment was on account of the spelling of Floyd's first name; that, through mistake, the bank's employees failed to identify *Louis* Floyd and *Lewis* Floyd as one and the same person, and therefore did not recognize the attachment. The testimony relative to this transaction shows conflicting statements between the bankrupt and the bank's employees. But the evidence also shows without contradiction that the bank has not, nor since November 7, 1931, has it had, in its possession any money or property belonging to the bankrupt.

In its petition for review, the bank again objects to the jurisdiction, urging that the referee was without authority or jurisdiction to render a general money judgment against it.

The sole question presented for decision by the petition for review is whether or not, under the facts and circumstances disclosed, a case is presented which may be settled in a summary proceeding.

■ I think the case at bar is controlled by the ruling of the Supreme Court in Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413:

"In that case, to a rule entered in the bankruptcy court, requiring an adverse claimant in possession of a fund to pay it to the trustee in bankruptcy, the claimant tendered a formal response, denying jurisdiction, which the court refused to entertain, and he then participated in a hearing upon the merits. The bankruptcy court sustained its jurisdiction upon the ground that, by his 'acquiescence in that mode of procedure,' he had assented to its jurisdiction. Upon petition for review the circuit court of appeals [107 F. 898] reversed the bankruptcy court, and this court upon certiorari [184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413] affirmed the circuit court of appeals. We said:

"This brought the controversy within the ruling in Bardes v. First Nat. Bank, 178 U. S. 524, 20 S. Ct. 1000, 44 L. Ed. 1175, and the questions attempted to be litigated before the referee and in the district court as to the allowance of the two amounts could only be raised in the district court by consent, and then only by plenary suit. * * *

"'In many cases jurisdiction may depend on the ascertainment of facts involving the merits, and in that sense the court exercises jurisdiction in disposing of the preliminary inquiry, although the result may be that it finds that it cannot go farther. And where in a case like that before us, the court erroneously retains jurisdiction to adjudicate the merits, its action can be corrected on review.'" First National Bank v. Chicago Title & Trust Co., 198 U. S. 280, 289, 290, 25 S. Ct. 693, 696, 40 L. Ed. 1051.

■ Where possession of property is acquired by a third person, and later relinquished in good faith before bankruptcy, the trustee in bankruptcy thereafter claiming the property for the bankrupt's estate, as in the case at bar, a question of law and of fact is presented which may be determined only upon the merits in a plenary suit.

"We adhere to the wholesome rule 'which assures a trial of the merits of' such claims 'in a plenary suit at law or in equity under the rules of pleading, of practice, and of evidence, that wisdom and experience have found most conducive to the discovery of the truth and the administration of justice.' In re Rathman (C. C. A.) 183 F. 913, 929, 106 C. C. A. 253, 269." Wight v. Street, Trustee, etc. (C. C. A.) 63 F.(2d) 80, decided January 30, 1933, by our own Circuit Court of Appeals.

The order of the referee will be overruled.