### In re OLWEISS.

District Court, S. D. New York.
March 4, 1935.

Emerin I. Goldberger, of Brooklyn, N. Y., for trustee.

Benjamin Newberg, of South Fallsburg, N. Y., for respondents.

PATTERSON, District Judge.

The trustee brought a summary proceeding to compel the respondents to turn over to him the sum of $1,000. In his petition he alleged that the bankrupt had transferred $1,000 to the respondents a few days before bankruptcy and while insolvent, and that the transfer was a voidable preference. The respondents answered, objecting to the jurisdiction of the court to grant the relief asked for, and denying most of the facts set forth in the petition. The referee took testimony, found that the transfer was a voidable preference, and ordered that the respondents pay the $1,000 to the trustee. Among the grounds of error urged in the petition for review is the point as to jurisdiction.

The referee lacked jurisdiction to try summarily an issue of voidable preference without the consent of the parties proceeded against. Where the trustee has reason to believe that there has been a voidable preference, his remedy is to bring a plenary suit against the transferee. A summary proceeding is not appropriate. In re Adams, 130 F. 788 (D. C. R. I.); In re Scherber, 131 F. 121 (D. C. Mass.); In re McCrum, 214 F. 207 (C. C. A. 2). Where the respondent consents to a trial of the matter in a summary proceeding before the referee, the rule is otherwise. MacDonald v. Plymouth County Trust Co., 286 U. S. 263, 52 S. Ct. 505, 76 L. Ed. 1093; Page v. Arkansas Natural Gas Corporation, 286 U. S. 269, 52 S. Ct. 507, 76 L. Ed. 1096.

The respondents never consented in this case. In their answer to the petition and order to show cause, they protested against the jurisdiction of the referee. They reiterated their protest in the brief submitted to the referee prior to his final order. These objections should have sufficed. The fact that they went further and contested the case also on the merits was not a waiver of the jurisdictional point. Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 S. Ct. 293, 46 L. Ed. 413; First Nat. Bank of Chicago v. Chicago Title, etc., Co., 198 U. S. 280, 25 S. Ct. 693, 49 L. Ed. 1051; In re Horgan, 158 F. 774 (C. C. A. 1); Kaigler v. Gibson, 264 F. 240 (D. C. Ga.); In re Wood, 278 F. 355 (C. C. A. 2). The statement to the contrary in Re Franklin Brewing Co., 257 F. 135 (D. C. N. Y.) is only a dictum, and is against the authoritative decisions.

The order of the referee will be reversed, and the petition dismissed for lack

744

of jurisdiction. It is hardly necessary to add that the dismissal will be without prejudice to the trustee's right to bring a plenary suit against these parties.