In re ROSENBERG.

MURPHY v. DEEMAR.

No. 7932.

Circuit Court of Appeals, Seventh Circuit.

May 15, 1942.

Theodore D. Kahn and Ross Langdon, both of Chicago, Ill., for appellant.

Sidney D. Missner, of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

On August 16, 1941 Jay I. Rosenberg placed one Isador Deemar in charge of six pieces of his real estate, as agent to manage the same. A petition in bankruptcy was filed against Rosenberg September 12, 1941. On October 9, 1941 Murphy, the receiver in the bankruptcy proceedings, filed his petition alleging that on September 25, 1941 the referee had ordered the receiver to take possession of certain real estate in the hands of Deemar as agent for the bankrupt; that the receiver took possession of the buildings and Deemar turned over to the receiver $1,795.29, with the statement of his account as agent, which statement showed that he had on September 5, 1941 by check for $350 and on September 9, 1941 by check for $900 paid to himself the total sum of $1,250 out of the proceeds derived from the properties of the bankrupt while Deemar held and managed them. The bankrupt had authorized Deemar to make these payments to himself out of the proceeds of the real estate management, in satisfaction of the prior debt owing by the bankrupt to Deemar.

The agent turned over the property and filed his account with the receiver. In his statement of account, Deemar shows he had paid to himself $1,250 out of the funds received by him in the management of the bankrupt's property. This disbursement had not been approved by a court of competent jurisdiction prior to bankruptcy proceedings. 11 U.S.C.A. 11, sub. a(21).[1]

---

[1] The pertinent portion of the section is:

"a. The courts of the United States hereinbefore defined as courts of bankruptcy are hereby created courts of bankruptcy and are hereby invested, * * * with such jurisdiction at law and in equity * * * to * * *

"(21) Require receivers or trustees appointed in proceedings not under this title, assignees for the benefit of creditors, and agents authorized *to take possession of* or to liquidate *a person's property* [italics ours] to deliver the property in their possession or under their control to the receiver or trustee appointed under this title * * * and in all such cases to account to the court for the disposition by them of the property of such bankrupt or debtor: *Provided, however,* That such delivery and accounting shall not be required, * * * if the

The question presented is whether the referee, under such circumstances, could require Deemar to account to the receiver for the $1,250. The referee held he had no such power and the District Court sustained the referee on a petition to review. The court below stated the question and gave its answer in the following excerpt from the certificate of the referee on the petition to review: "The question at issue here is as to what 'agents' are intended to be included within the language 'receivers or trustees appointed in proceedings not under this Act, assignees for the benefit of creditors, *and agents authorized to take possession of or to liquidate a person's property.*' It would appear that the agents referred to are only agents whose functions are similar to those of receivers, trustees, or assignees for the benefit of creditors, and that it was not the intention of the Act to give the Bankruptcy Court summary jurisdiction over any person who may have acted as an agent of the bankrupt prior to bankruptcy, unless the function of such agent was to take possession of and to liquidate the bankrupt's property generally."

■■ We think the statute is not capable of this limited construction. The statute in plain language applied to agents other than agents for the liquidation of all the property. The statute refers to agents in two categories, agents to take possession or agents to liquidate, and these two categories are separated by the disjunctive "or." It is not a provision for an agent who is authorized to take possession *and* liquidate. It is a provision which authorizes an agent to (1) take possession; (2) or to liquidate. The statute clearly contemplated a possession of the property, under the circumstances of this case.

■ Under this view of the statute, had the bankruptcy court the jurisdiction or power to require an accounting by the agent, Deemar, for the $1,250? We think it had. The agent in possession was required to make an accounting and to justify the reasonableness and propriety of his

disbursements. By submitting his account in the bankruptcy proceedings, he was before the court for the purpose of determining whether he had turned over all the property and had made a proper accounting. If he had not, the bankruptcy court was authorized to surcharge his account with any sum disbursed that was improperly or unreasonably disbursed. Upon this determination, the account of the agent became settled.

■ We do not understand that the statute (11 U.S.C.A. 11, sub. a(21) changes the rule in Louisville Tr. Co. v. Comingor, 184 U.S. 18, 22 S.Ct. 293, 46 L.Ed. 413. The District Court has the right on consideration of the accounting to determine whether the claim of Deemar that his is an adverse claim is colorable merely or substantial. If it is found to be colorable only, the District Court has jurisdiction to enter an order summarily for the payment of the sum of $1,250 to the receiver. If the District Court determines the claim of Deemar is not merely colorable but is substantial, then Deemar is such an adverse claimant as is entitled to a trial in a plenary suit as to his right to retain the sum. Louisville Tr. Co. v. Comingor, 184 U.S. 18, 22 S.Ct. 293, 46 L.Ed. 413; Babbitt v. Dutcher, 216 U.S. 102, 113, 30 S.Ct. 372, 54 L.Ed. 402, 17 Ann.Cas. 969; May v. Henderson, 268 U.S. 111, 115, 116, 45 S.Ct. 456, 69 L.Ed. 870.

The case of Shor v. McGregor, 5 Cir., 108 F.2d 421, has been cited in the briefs. In this case, an assignee was required to account and by summary order to pay over to the trustee a sum he had improperly retained for his fee and expenses. This case was, as the court pointed out, not bottomed entirely upon the statute we have under consideration here, but was considered with Sec. 70, sub. a(8), 11 U.S.C.A. § 110, sub. a(8) where it is specifically provided that the court shall have summary jurisdiction.

The decree is reversed, with instructions to the lower court to proceed in accordance with this opinion.

receiver or trustee was appointed, the assignment was made, or the agent was authorized more than four months prior to the date of bankruptcy. Upon such accounting, the court shall reexamine and determine the propriety and reasonableness of all disbursements made out of such property by such receiver, trustee, assignee, or agent, either to himself or to others, for services and expenses under such receivership, trusteeship, assignment, or agency, and shall, unless such disbursements have been approved, upon notice to creditors and other parties in interest, by a court of competent jurisdiction prior to the proceeding under this title, surcharge such receiver, trustee, assignee, or agent the amount of any disbursement determined by the court to have been improper or excessive."