### McCLELLAND v. GREENBERG.

### No. 225.

Circuit Court of Appeals, Second Circuit.

Jan. 27, 1944.

---

George G. Ernstand, Ernst, Gale, Bernays, Falk & Eisner, all of New York City (Abraham Friedman and George Etkin, both of New York City, of counsel), for appellant.

Samuel Schachter and Hiram S. Gans, both of New York City, for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The facts leave no doubt that appellant had a very substantial, and not merely a colorable, adverse claim so that the bankruptcy court lacked power to entertain a summary proceeding against him.[1] We could stop there. But so much time and expense have already been spent on this matter that (bearing in mind that bankruptcy proceedings, since they are administrative, are not wholly like ordinary litigation and that we have power to guide the administration of the estate to prevent waste) we think it proper to suggest that the referee and the district court should discourage the trustee in bankruptcy from further efforts to recover the $2500. Our reasons are as follows:

The bankruptcy court directed appellee, the trustee, to submit to the jurisdiction of the State Court in the accounting proceedings and appellee did so. Appellee's application in the State Court for restitution by appellant was denied by the Appellate Division which held that the issue should be determined in the accounting proceedings; the Appellate Division had previously held that allowance might be made to the receiver on a quantum meruit basis. The State Court therefore had complete jurisdiction to determine the issue of whether the $2500 should be repaid. We think that the State Court, by its order of March 10, 1937 (which appellee approved in writing) determined that issue adversely to appellee. For that order directed Sebring's account "heretofore filed herein, be * * * in all respects ratified, approved, confirmed and settled as filed"; and, as filed, that account showed Sebring's payment of the $2500 to appellant. To be sure that order also contained a clause providing that "all further fees and claims for commissions, disbursements and expenses herein, including counsel fees, are hereby waived by the receiver and no further allowances shall be made therefor"; that clause, however, did not, we think, relate to the $2500 item which was not a "further" fee but one which had already been paid and which was included in the account "as filed" and which the order approved; that clause as to "further fees" was not, however, functionless, since Sebring, to appellee's knowledge, had sought to procure an allowance of the "further fee" of $1500 claimed by but not paid to Murphy & McClelland for services rendered after the payment of $2500, and had also sought an allowance of an unpaid $3500 claim of an accountant.[2]

Reversed.

---

[1] See, e. g., May v. Henderson, 268 U.S. 111, 115, 116, 45 S.Ct. 456, 69 L.Ed. 870; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S.Ct. 396, 68 L.Ed. 770; In re Meiselman, 2 Cir., 105 F.2d 995, 997.

Appellant by raising other defenses did not waive that defense. In re Bacon, 2 Cir., 210 F. 129, 135; Louisville Trust Co. v. Comingor, 184 U.S. 18, 26, 22 S.Ct. 293, 46 L.Ed. 413.

[2] The reservation in the stipulation of appellee's "right to reject all such claims" for "further fees * * * including counsel fees * * *" referred, we think, to appellee's right to defend against any claims for such further fees which might be asserted in the bankruptcy court. For the stipulation, except as to that reservation, related to the accounting proceedings in the State Court, and, as Sebring had, in the bankruptcy court in 1928, asserted claims with respect to the additional unpaid $1500 counsel fees, the appellee might well have thought it properly cautious to protect the estate from the assertion of that claim in the bankruptcy court.