## In re BALLOU.

(District Court, E. D. Kentucky.     August 8, 1914.)

No. 241.

1. CORPORATIONS (§ 448*)—LIABILITY ON CONTRACTS OF PROMOTERS—RATIFICATION.

While a corporation is not bound by the contracts of its promoters if nothing more appears, where, after its organization, it adopts such contract, it is bound thereby, and it does so adopt it by accepting the benefits thereof.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1709, 1789–1792; Dec. Dig. § 448.*]

2. CORPORATIONS (§ 88*)—STOCK SUBSCRIPTIONS—PAYMENT IN SERVICES.

Services performed in procuring a lease for a corporation, subsequently assigned to it, under an agreement by the promoters of the corporation to have stock issued in payment for such services, were the equivalent of cash within a statute prohibiting the issuance of stock except for cash or its equivalent.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 337–364, 425–428; Dec. Dig. § 88.*]

3. BANKRUPTCY (§ 225*) — COLLECTION OF ASSETS — SUMMARY PROCEEDINGS — EVIDENCE.

In a proceeding before a referee in bankruptcy to compel the delivery of property by a third person to the trustee, it was irregular to receive and hear the evidence before the trustee's petition was filed and the rule or show cause order to the third person issued.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 384; Dec. § 225.*]

4. BANKRUPTCY (§ 225*) — COLLECTION OF ASSETS — SUMMARY PROCEEDINGS — PARTIES.

A summary proceeding by a trustee in bankruptcy to compel the issuance of stock pursuant to an agreement by the promoters of a corporation, adopted by the corporation, to issue stock to the bankrupt in payment for services, should have been against the corporation and not against the promoters alone.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 384; Dec. Dig. § 225.*]

5. BANKRUPTCY (§ 224*) — COLLECTION OF ASSETS — SUMMARY PROCEEDINGS — WHEN MAINTAINABLE.

A referee in bankruptcy had no jurisdiction of a summary proceeding to compel a corporation to issue stock to the trustee pursuant to an agreement by its promoters to have stock issued to the bankrupt in payment for services, as such a proceeding is proper only to effect the transfer of the physical possession of property from the bankrupt or a third person to the trustee, and not to collect a debt or enforce performance of a contract, and the bankrupt was not the owner of anything capable of physical possession.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 383; Dec. Dig. § 224.*]

6. BANKRUPTCY (§ 228*) — COLLECTION OF ASSETS — SUMMARY PROCEEDINGS — REVIEW—QUESTIONS REVIEWABLE.

In a summary proceeding before a referee in bankruptcy to enforce performance of a contract between the bankrupt and a third party, it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was not too late to question the referee's jurisdiction on a petition to review his order.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. § 228.*]

7. CORPORATIONS (§ 98*)—MANDAMUS (§ 126*)—STOCK—REFUSAL TO ISSUE—REMEDIES.

Where a corporation wrongfully refuses to issue a certificate of stock which it has the power and is under an obligation to issue, the party entitled thereto may compel its issuance by mandamus, sue in equity for specific performance, sue in damages for the breach of a contract, or treat the refusal as a conversion of the stock and sue in trover for damages.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 436–443; Dec. Dig. § 98;* Mandamus, Cent. Dig. § 261; Dec. Dig. § 126.*]

8. BANKRUPTCY (§ 293*)—ACTIONS BY TRUSTEE—JURISDICTION.

Under Bankruptcy Act, July 1, 1898, c. 541, § 23b, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3431) providing that suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt might have brought or prosecuted them, unless by consent of the proposed defendant, a suit to enforce performance of a contract by a corporation to issue stock to the bankrupt could not be brought in a United States district court unless the defendant consented, or unless diversity of citizenship existed between the bankrupt and the defendant, and the amount in controversy exceeded $3,000.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417; Dec. Dig. § 293.*]

9. BANKRUPTCY (§ 224*)—ACTIONS BY TRUSTEE—JURISDICTION.

Bankruptcy Act, July 1, 1898, c. 541, § 23b, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3431), authorizing suits by a trustee to be brought in the courts where the bankrupt might have brought them, does not authorize the bringing of such suits in the district court sitting in bankruptcy, and hence does not give a referee in bankruptcy jurisdiction of an action to collect a debt or suit to enforce specific performance of a contract.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 383; Dec. Dig. § 224.*]

10. BANKRUPTCY (§ 224*)—ACTIONS BY TRUSTEE—JURISDICTION.

A referee in bankruptcy, having no jurisdiction of a suit by the trustee to enforce specific performance of a contract between the bankrupt and a third party, acquired no jurisdiction by the consent of the third party.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 383; Dec. Dig. § 224.*]

In Bankruptcy. In the matter of W. R. Ballou, bankrupt. On petition by the Pineville Coal Company and others for review of an order of the referee. Reversed, with directions.

W. F. Hall, of Harlan, Ky., and William Low, of Pineville, Ky., for petitioners.

N. R. Patterson, of Pineville, Ky., for trustee.

COCHRAN, District Judge. This cause is before me on a petition for review filed by the Pineville Coal Company, and R. W. Creech, Grant Mason and R. E. Lawson, president, vice president and secretary and treasurer, respectively, of that corporation, complaining of an order of the referee directing them to execute and deliver $2,000 in

stock of the corporation to the trustee in bankruptcy. This order was made in a summary proceeding begun by a petition filed with the referee by the trustee, and a rule or show cause order issued thereon, and was entered after hearing had on the rule or show cause order. The form of the order is to execute and deliver $2,000 in stock of the capital stock of the corporation and, in so being, it followed the form of the trustee's petition, pursuant to which it was made. Of course what was meant was that the parties named in the order should execute and deliver to the trustee a certificate for $2,000 of stock or shares of stock. Stock or shares of stock in a corporation are intangible and incapable of manual delivery. The certificate which is the evidence of ownership of stock is capable of such delivery. 2 Clark & Marshall, Corporations, p. 1142.

The trustee's petition is very general in its allegations. It merely sets forth that the bankrupt was the owner and entitled to the possession of the stock, and that the petitioners were withholding it from him. No attempt was made to state the facts constituting such ownership, and it is not certain that the facts as developed by the evidence did constitute the bankrupt the owner of the stock at the time of the filing of the petition in bankruptcy, taking them to be as the trustee would have them. It is possible that he had no more than a right to the stock. Those facts, so taking them, are these: Prior to the incorporation of the corporate petitioner the petitioners Lawson, Mason, and one Stallsworth, who were its promotors and incorporators, entered into a contract with the bankrupt, whereby they agreed that if he would assist them in procuring from W. F. Hall a mine lease of certain coal lands in Harlan county in this district for the corporate petitioner it would, after its incorporation and organization, give him $2,000 of its capital stock. Pursuant to this contract the bankrupt assisted those persons in procuring such a lease to them, and thereafter they caused the corporate petitioner to be incorporated and organized and assigned the lease to it. The referee found such to be the facts from the evidence before him. He further found that the petitioners did not really dispute the bankrupt's right to the certificate, and withheld it that it might turn it over to him at his pleasure. The evidence and the attitude of the bankrupt and the petitioners before the referee strongly favored these findings.

[1, 2] Seemingly but two grounds were urged why the referee should not make the order. One was that the corporate petitioner was a Tennessee corporation, and by the laws of that state no stock can be issued except for cash or its equivalent. The other was that the corporation was not bound by the contract of its promoters and incorporators. The latter ground seems to have been mainly insisted on. It is true that a corporation, nothing more appearing, is not bound by the contract of its promoters. But if a corporation after it is organized adopts such a contract, it is bound thereby and, if it accepts the benefits of the contract, it thereby adopts it. 1 Clark & Marshall on Corporations, pp. 302, 306, 310. And services so rendered are the equivalent of cash.

[3, 4] In their petition for review, and on the hearing thereof before me, the petitioners question the jurisdiction of the referee to hear and

determine a summary proceeding against them to compel them to issue and deliver the certificate of stock to the trustee. No such question was raised before the referee. The petitioners contented themselves with contesting on the merits the trustee's right to the issual of the stock. It is urged on behalf of the trustee that it is now too late to raise the question of jurisdiction, and that if it is not, the referee had jurisdiction, because the respondent's position was not really adverse to the trustee, but seemingly so only, in that it was acting in cahoot with him and took that position in order to save the stock for the bankrupt. Assuming that the referee had jurisdiction, there were serious irregularities in the proceeding before him. The evidence was introduced and heard before the petition of the trustee was filed and the rule or show cause order was issued. Just how its taking came about does not appear. Evidence in a case should be taken not before it is begun, but after it is begun and the issues are made up. Then, as begun, the proceeding was against the individual petitioners only. If proper at all, it should have been against the corporate petitioner only, as it alone was under any obligation to issue the certificate. But probably these irregularities were waived. The corporate petitioners, as well as the individual petitioners, responded to the rule or show cause order, thereby making itself a party to the proceeding, and it thereafter contested the trustee's right to the relief sought. It appeared at the hearing of the evidence taken before the beginning of the proceeding, and made no objection to the use of the evidence thus taken on the hearing and disposition thereof.

[5, 6] I am, however, clear that the referee had no jurisdiction of the proceeding, and that it is not now too late to raise the question. This was not a case for a summary proceeding. A summary proceeding is proper only to effect the transfer of the physical possession of property from the bankrupt or a third person to the trustee. It is not proper to enforce the performance by a third person of a contract with the bankrupt. An undisputed debt due the bankrupt cannot be collected by a summary proceeding. It can only be collected by an independent suit brought by the trustee against the debtor in a court of competent jurisdiction. In the following cases summary proceedings have been upheld by the Supreme Court, to wit: White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183; Bryant v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Clarke v. Larramore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555; Babbitt v. Dutcher, 216 U. S. 202, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969. In each of these cases the relief sought and obtained by the summary proceeding was the transfer of the physical possession of certain property of the bankrupt from a third person to the trustee. No instance can be found, I dare say, where the payment of a debt due or the specific performance of a contract with the bankrupt has been enforced in any such way.

In this case neither one of the petitioners had the physical possession of any property of the bankrupt. The bankrupt had nothing capable of physical possession. All he had was the right to have a certificate for $2,000 of stock issued to him by the corporate petitioner. That

right grew out of the contract of the promoters and incorporators of the corporate petitioner with him and, its adoption of that contract by accepting the benefits thereof. And his remedy and that of the trustee to compel the issue of the certificate, apart from mandamus, was by a suit in equity for specific performance.

[7] In 2 Clark & Marshall on Corporations, p. 1336, the remedies of one who is entitled to the issue of a certificate of stock, upon refusal to issue it, are thus set forth:

"By the weight of authority if a corporation wrongfully refuses to issue a proper certificate of stock when it has the power and is under an obligation to issue the same, mandamus will lie to compel it to do so. Or it may be compelled to do so by a suit in equity for specific performance of its express or implied contract, or instead of suing to compel the issuance and delivery of a certificate, the party may maintain against the corporation an action of assumpsit on its express or implied contract, to recover damages for the breach thereof, or, if he has title to the stock, he may treat the refusal to deliver a certificate as a conversion of the stock and maintain an action of trover to recover damages."

[8] The jurisdiction of such a suit is determined by section 23b of the bankrupt act. Under that section this court has jurisdiction of such a suit with the consent of the corporate petitioner, or if the bankrupt could have brought it herein had not bankruptcy ensued, i. e., if diversity of citizenship existed between him and the corporate petitioner and the amount in controversy was in excess of $3,000. Otherwise it can only be brought in the state court.

[9] But though such a suit can be brought in this court with the consent of the corporate petitioner, it cannot be brought before the referee with such consent. The jurisdiction conferred by that section on the district courts cannot be exercised by the referee. Possibly so far as it applies to suits for the recovery of property under section 60, subdivision (b), and section 67, subdivision (e), and section 70, subdivision (e) it can. If so, it can only be because in those other sections jurisdiction is expressly conferred on the court of bankruptcy of such suits, and the referee can exercise such jurisdiction as a court of bankruptcy can. The word "courts" in section 23b does not include a court of bankruptcy. In Bardes v. First National Bank of Hawarden, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, Mr. Justice Gray said:

"But the second clause applies both to the District Courts and to the Circuit Courts of the United States, as well as to the state courts. This appears, not only by the clear words of the title of the section, but also by the use, in this clause, of the general words, 'the courts,' as contrasted with the specific words, 'the United States Circuit Courts' in the first and in the third clauses."

In so far as it applied to District Courts before the abolition of Circuit Courts, it did not apply to them sitting in bankruptcy, and hence it had no application to courts of bankruptcy. It follows that the referee has no jurisdiction of such a suit. It will hardly be maintained that a civil action at law to collect an ordinary undisputed debt or a suit in equity to enforce a specific performance of an undisputed contract can be brought and prosecuted before the referee. If, then, the referee had no jurisdiction of the only remedy which the trustee had, to wit,

an independent suit, a fortiori he did not have jurisdiction of a remedy which he did not have, to wit a summary proceeding.

[10] As then the referee did not have jurisdiction of the summary proceeding brought and prosecuted before him independently of consent of the corporate petitioner, he could not acquire jurisdiction with its consent. For it is a fundamental principle that parties cannot confer essential jurisdiction on a court of a controversy, if it does not otherwise have it. Of course this does not apply where it is expressly provided that such jurisdiction may be conferred by consent, which is done by section 23b. But the jurisdiction which under that section can be conferred by consent is jurisdiction upon this court not sitting in bankruptcy, and not upon the referee.

These positions seem to me to be so clearly sound that I have taken no pains to see how far they are supported by the authorities. Possibly they find more or less support in the following cases, to wit: In re Teschmacher & Mrazay (D. C.) 127 Fed. 728; In re Walsh Bros. (D. C.) 163 Fed. 352; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413.

The order of the referee is reversed, with direction to dismiss the proceeding without prejudice to an independent suit.