## SLATTERY v. HARRIS et al. *

(Circuit Court of Appeals, Eighth Circuit. September 29, 1924.)

No. 6517.

**1. Corporations ⟷448(1) — Contract to buy stock of merchandise by promoters held one which corporation could have made.**

Contract to buy stock of merchandise, fixtures, and raw material by promoters of proposed corporation, to be paid for partly in cash and partly with notes secured by chattel mortgage to be given by corporation, to which property was to be conveyed, and giving corporation right to sell property if proceeds were paid to mortgagees, was one which corporation could have made.

**2. Corporations ⟷448(1) — Promoters may make contract binding on corporation, if accepted and ratified by it after it is organized.**

Promoters of proposed corporation may make contract which if accepted and ratified by corporation when organized, will bind it, if contract is one which corporation is authorized to make.

**3. Corporations ⟷30(4)—Sellers to promoters held bound by promoters' fraud only if they were parties thereto or had knowledge thereof.**

Even if transaction whereby stock of merchandise purchased by promoters was transferred to corporation subsequently organized was illegitimate and fraudulent, sellers were bound by it only if they were parties to fraud, or had such knowledge thereof as would charge them at law with being participants.

**4. Corporations ⟷30(4)—Evidence held insufficient to show sellers participated in promoters' fraud in transferring property to corporation.**

Evidence *held* insufficient to show that sellers of stock of merchandise and fixtures to promoters participated in promoters' fraudulent transfer thereof to corporation for its capital stock.

In Error to the District Court of the United States for the Eastern District of Missouri; Chas. B. Faris, Judge.

Action by Barth O. Slattery, trustee of the International Toy Company, bankrupt, against Harry Harris and others. Judg-

*Rehearing denied January 12, 1925.

ment for defendants and plaintiff brings error. Affirmed.

Kane, Schreiber & Newman and Anderson, Gilbert & Wolfort, all of St. Louis, Mo., for plaintiff in error.

John T. Hicks, of St. Louis, Mo. (Montague Punch and F. L. Cornwell, both of St. Louis, Mo., on the brief), for defendants in error.

Before SANBORN and LEWIS, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge. This is an action brought by a trustee in bankruptcy to recover of the defendants money received by them upon two chattel mortgages theretofore given by plaintiff's bankrupt, under the allegation that no consideration passed for said mortgages. The defendants by way of answer admit the execution and delivery of the chattel mortgages, but deny any want of consideration and plead the facts surrounding the transactions involved in justification of their position. The case was tried to the court without the intervention of a jury by stipulation, and the trial court found for the defendants, awarded a judgment accordingly in their favor, and the plaintiff brings the case here on error.

[1] The record discloses substantially the following facts:

On August 10, 1920, the defendants entered into a written contract with three Foley brothers, under the terms of which the defendants agreed to sell to the Foleys a certain stock of merchandise, fixtures, and raw material for the sum of $40,000, $5,000 of which was to be paid in cash, and the balance of $35,000 to be represented by notes secured by chattel mortgages upon the property sold.

The notes and mortgages were not to be given by the Foleys, but by a corporation to be organized by the Foleys, to be known as the International Toy Company, and upon its incorporation they were to turn over to it the property acquired from defendants under the agreement, become subscribers for the entire capital stock of the corporation in their own names, and, until the organization of the company was completed, to hold the property acquired under the contract in trust for it. The agreement further provided that the corporation should have the right and privilege of disposing of the property to be covered by the mortgages, provided the amount realized should be paid upon the notes thereby secured, that the property should be kept insured, and that the books of the corporation should be open to the inspection of the defendants or their representatives during regular business hours.

The corporation subsequently was duly organized by the Foleys, with a capital stock of $200,000, which was issued to the Foleys and their near relatives. The incorporation appears to have been accomplished on the 11th of August, 1920. On the 17th of August, 1920, the notes and mortgages were executed by the corporation in accordance with the terms of the contract, and the mortgages appear to have been recorded on the 23d of August, 1920.

Some of the notes were subsequently paid. A fire destroyed a portion of the property covered by the mortgages, the proceeds of the insurance being received by the defendants, and eventually the defendants foreclosed the mortgage, but failed to realize by about $12,000 of a sufficient amount to liquidate the $35,000 represented by the notes. The bankruptcy of the International Toy Company ensued, and the plaintiff became its trustee.

The plaintiff challenges the legitimacy of the transaction between the defendants in error, the Foleys, and the corporation, and seeks to make defendants liable for the amount they received upon the mortgages.

[2] The contract upon its face represents a valid transaction in law, as the courts recognize that the promoters of a proposed corporation may make a contract which, if accepted and ratified by the corporation, when organized, will bind it. 14 C. J. at page 257, lays down the general rule in the following language:

"By the great weight of authority a contract made by the promoters of a corporation before it was formed becomes the contract of the corporation, so that it is both entitled to the benefit thereof and liable thereon, if it expressly or impliedly ratifies and adopts the same as its own, or, in most jurisdictions, ratifies it, after it comes into existence, provided it is a contract which the corporation has the power under its charter to make."

Other cases in point are In re Ballou (D. C.) 215 F. 810; In re Lance Lumber Co., 237 F. 357, 150 C. C. A. 371; Gardiner v. Equitable Office Bldg. Corporation (C. C. A.) 273 F. 441, 17 A. L. R. 431; Bridgeport Electric & Ice Co. v. Meader, 72 F. 115, 18 C. C. A. 451.

[3] There is no obligation in the contract entered into between the defendants and the Foleys which the corporation, if

in existence at the time, could not have legitimately assumed. The gist of the plaintiff's action must therefore rest in the issuance of its capital stock and the giving of its notes and chattel mortgages for the same consideration. Assuming that this was an illegitimate and fraudulent transaction, the defendants can only be bound by it if they were parties to the fraud, or had such knowledge of it as would charge them in law with being participants.

[4] The evidence falls short of establishing such knowledge or participation. The only evidence discovered in the record which seems to justify the conclusion contended for by plaintiff in error is that subsequently one of the attorneys for the defendants, after learning of the incorporation of the company for $200,000, evinced surprise that the company should have been incorporated for so large an amount, that he had anticipated that the capitalization would not exceed $50,000, and that he believed the property which the defendants had sold was not reasonably worth more than the sum of $50,000. This witness further testified, however, that he and the defendants knew that the assets sold by the defendants under the contract were going into the corporation, but they had no knowledge of what additional assets would go in. The record shows that some real estate did go in.

The scope of this class of testimony is clearly insufficient to sustain a charge that the defendants had knowledge of or participated in any fraudulent transaction of the incorporators of the International Toy Company after its incorporation. Neither the agreement nor the oral testimony show that the defendants knew what the proposed company was to be capitalized for, or how its stock was to be paid for, except that the Foleys were to become subscribers for the stock. The defendants under the contract were not to have, nor did they have, anything to do with the incorporation of the company or the method of issuing its stock. The deciding feature in the case is as to whether or not any fraud perpetrated by the Foleys in the organization of the corporation and the issuance of its capital stock could be imputed to the defendants.

The case of Wiser v. Lawler, 189 U. S. 260, 23 S. Ct. 624, 47 L. Ed. 802, involved a transaction similar to the case at bar, in which the circumstances were much stronger in suggesting the imputation of a guilty knowledge to the seller of the property, and yet that high tribunal held that the facts in that case were not sufficient to charge the seller with participation in the fraud, and that, while the circumstances may have been sufficient to raise a suspicion, they lacked the element of positive proof.

Furthermore, the creditors, whom the trustee in this case represents, became such after the mortgages to defendants were upon the record, and they were therefore in no way deceived or injured by the claims of defendants.

For the reasons stated, the judgment of the trial court will be and is affirmed.