## In re MORGAN DRUG CO.

District Court, S. D. New York. January 2, 1930.

Weil & Fenster, of New York City (Arthur Weil, of New York City, of counsel), for the motion.

Charles E. Francis, of New York City (George W. Tucker, of New York City, of counsel), opposed.

WOOLSEY, District Judge. This petition is granted in modified form only, as the injunction will not be made permanent.

I will, however, make an order—comparable to an injunction pendente lite—temporarily restraining and enjoining the trustee from using the trade-marks mentioned in the petition on any goods manufactured or sold by him, unless and until he shall have successfully established his right to do so, either in the suit which has been brought by him and is now pending against the petitioner in the New York Supreme Court for Orange County, or in a suit to be brought by the petitioner against the trustee on the registered trade-marks claimed by the petitioner within 30 days from the filing of the order on this application.

This application is unusual. It asks summary relief in an involved situation.

I do not approve of having questions such as are raised here tried in a summary proceeding on affidavits. When such proceedings are brought, it is usually—as it is in this case—a question of discretion whether the court will entertain the motion or will relegate the parties to a plenary suit. I shall adopt the latter course here.

Assuming that the filing of this petition by E. T. Browne Drug Company, Inc., in the bankruptcy proceeding constituted a consent to the jurisdiction of the bankruptcy court in the controversy between it and the trustee, it does not follow that this court would have jurisdiction over it. It is elementary that jurisdiction over the subject-matter of a controversy cannot be conferred by consent—for an instance in bankruptcy see In re Teschmacher & Mrazay (D. C.) 127 F. 728, 730.

Here we do not have a suit by the trustee consented to by a third party, but an attempt by a third party to intervene in the bankruptcy proceeding in an endeavor to deal with a matter that is foreign to bankruptcy.

This is not, therefore, a situation under which this court is given jurisdiction by the Bankruptcy Act, section 23b, 11 USCA § 46(b).

There is not involved here any transfer by the bankrupt which might bring the case within the jurisdiction conferred by sections 60b, 67e, or 70e of the Bankruptcy Act, 11 USCA §§ 96(b), 107(e), 110(e).

There is not here involved the protection of any property in the hands of the trustee or property to which he has or claims title.

What we have here is an attempt by the petitioner to invoke the protective jurisdiction of equity.

If I should accept the petition as an intervention and send the issues raised thereby to be tried by the referee, I do not think that the equitable remedy sought would be within his power even if he had jurisdiction of the subject-matter, which I do not think he has. In any event, such a trial of the issues would be before a less satisfactory tribunal than if I so arranged the situation as to enable them to be tried in a plenary suit by a court of competent jurisdiction.

Not being a party to the bankruptcy proceeding, the petitioner by his petition challenged the trustee's proposed procedure in the only way in which it felt it could do so promptly.

I shall treat the petition, therefore, as information brought to my attention—in regular course—that the trustee of the bankrupt has petitioned for leave to manufacture and sell soap and other merchandise under trade-marks claimed by the petitioner as its exclusive property. If the petitioner is correct in its contention, for me to countenance such a proceeding would be to approve a commercial tort.

Whatever may be the doubts as to the jurisdiction of the bankruptcy court over this controversy between the petitioner, in the position of plaintiff, and the trustee, there is not any doubt whatever as to my right to issue a summary order to the trustee, for, by reason of his position, he is an officer of this court, and, therefore, like an attorney, subject to its summary jurisdiction. Cf. Carpenter v. Southworth (C. C. A.) 165 F. 428, 429; Ex parte James, L. R. 9 Chanc. Appeals 609, 614; In re Howard (D. C.) 130 F. 1004, 1006.

Therefore, exercising my undoubted jurisdiction over the trustee as an officer of this court, I grant a temporary injunction on the terms above indicated.