## In re GROETZINGER & SONS.

(Circuit Court of Appeals, Third Circuit. October 12, 1903.)

Nos. 23, 25.

1 BANKRUPTCY—SALE OF REAL ESTATE—DISTRIBUTION OF PROCEEDS—MODE OF REVIEW.

The distribution of the proceeds of a sale of real estate made by a trustee in bankruptcy is reviewable by the Circuit Court of Appeals by petition for review, and not by appeal.

2. SAME—TIME.

Since there is no express statutory limitation or rule of court fixing the time within which a petition for review of an order in bankruptcy may be filed, the fact that such petition is not filed within six months is not conclusive ground for dismissal.

3 SAME—DELAY—EXCUSE.

Where, after the making of an order for the distribution of the proceeds of the sale of a bankrupt's real estate, the books of the bankrupt disappeared without fault on the part of petitioners for a review of the order, and could not be found, and the trial judge made two orders enlarging the time for filing the record in the Circuit Court of Appeals, such fact afforded a reasonable excuse for the petitioners' failure to file their petition for review within six months.

Sur Motions to Dismiss Appeal and Petition for Review. See 110 Fed. 366.

H. Merian Allen, Edward L. Perkins, and William Scott, for the motions.

George W. Guthrie and Walter Lyon, opposed.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

PER CURIAM. The appeal and the petition for review relate to the same matter, namely, the distribution of the proceeds of the sale of real estate made by the trustee in bankruptcy.

1. We are of the opinion that the case does not involve a judgment or decree reviewable by appeal, but that the appropriate procedure in this court is a petition for review. We therefore sustain the objection that an appeal does not lie, and on that ground only we dismiss the appeal.

2. The ground upon which the motion to dismiss the petition for review rests is that the petition was not filed within six months after the entry of the decree which the petitioners seek to have reviewed. But, as was said by the Circuit Court of Appeals of the Second Circuit, in overruling a similar motion (In re New York Economical Printing Company, 106 Fed. 839, 45 C. C. A. 665), neither the bankrupt act nor any rule of court limits the time within which a petition for review in bankruptcy may be filed. We think that ordinarily by analogy such petition ought to be filed within the period of six months allowed by the act of March 3, 1891 (chapter 517, § 11, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552]), for an appeal in other cases. In the absence, however, of an express statutory limitation or rule of court, we are not willing to hold that there is any absolute rule on the subject. It appears from the certificate of the clerk of the District Court, and otherwise, that important evidence, to wit, the books of the bankrupt, without fault on the part of these petitioners, had disappeared and could not be found, and that the judge below made two orders enlarging the time for filing the record in this court. Those orders, it is true, were made with reference to the appeal. Yet, upon the facts appearing, we think a reasonable excuse is·shown for the delay in filing the petition for review.

We therefore deny the motion to dismiss the petition of review.