## In re POSTAL TELEGRAPH & CABLE CORPORATION.

### No. 248.

Circuit Court of Appeals, Second Circuit.

April 5, 1937.

Javits & Javits, of New York City (Benjamin A. Javits, of New York City, of counsel), for appellants Stewart Committee.

Chadbourne, Stanchfield & Levy, of New York City (Alexander B. Royce, of New York City, of counsel), for Alfred E. Smith and George S. Gibbs, trustees of Postal Telegraph & Cable Corp.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.

After appointment the trustees for the debtor obtained an order from the court authorizing them to consummate negotiations with the National City Bank of New York to finance a loan to the Mackay Radio & Telegraph Company of Delaware, a corporation indirectly owned by the debtor, whereby the interest rate on the note of the Mackay Radio & Telegraph Company to the bank in the sum of $2,-660,073.46, dated March 25, 1935, was reduced from 5 to 3 per cent. for the year ending December 25, 1936, and whereby the claim of the bank on the note was subordinated to the amount of advances made by the Mackay Companies to Mackay Radio & Telegraph Company to meet such reduced interest requirements. The Mackay Companies were authorized to

make advances to the Mackay Radio & Telegraph Company from time to time to enable the latter to make payments of interest on the note for the year ending December 25, 1936.

The debtor's communication system embraced the following four separate legal entities: (1) Postal Telegraph & Cable Corporation, the debtor; (2) the Mackay Companies, a Massachusetts trust whose shares were owned by the debtor; (3) the Radio Communication Companies, Inc., a wholly owned subsidiary of the Mackay Companies; and (4) the Mackay Radio & Telegraph Company of Delaware, a wholly owned subsidiary of the Radio Communication Companies, Inc. The debtor is the sole corporation in reorganization proceedings. The subsidiary companies operate a co-ordinating system of communication comprising land line telegraph, shore cable, and domestic and foreign radio telegraphs. The Mackay Radio & Telegraph Company of Delaware is a carrier of telegraphic communication by wireless, an important factor in the debtor's general communication system.

The order appointing trustees for the debtor, December 24, 1935, enjoined every subsidiary corporation until further order from making any advances or payment to any other subsidiary of the debtor except for current operations and kindred purposes and from transferring any of its assets or properties except in the regular course of business. The order appealed from was intended to make possible the payment of interest on the note of the Mackay Radio & Telegraph Company. The bank had agreed to the reduction of interest, but this interest could not have been met unless advances were made for that purpose by the Mackay Companies. To have withheld such advances would have impaired the ability of the Mackay Radio & Telegraph Company to continue its business in the ordinary course, for if interest was not paid, it was feared the bank would take steps to collect its claim.

 The appellant, a committee of bondholders, has taken an appeal without leave of this court. The order is one of administration of the bankrupt's assets and not a controversy; leave to appeal was necessary. In re Weinstock, 56 F.(2d) 829 (C.C.A.2); In re Groetzinger & Sons, 127 F. 124 (C.C.A.3). The committee represents those who both as creditors, and lienors are parties to the 77B proceedings.

An order which affects their property, if at all, is one of administration. See In re Torgovnick, 49 F.(2d) 211, 212 (C.C. A.2).

Appeal dismissed.