692

## In re YOUNG.
### No. 871.

District Court, N. D. Texas, Wichita Falls Division.

May 1, 1939.

Smoot & Smoot, and J. R. Ogle, all of Wichita Falls, Tex., for the certificate.

McCombs & Andress, of Dallas, Tex., opposed.

ATWELL, District Judge.

This amendment deals with assignments for the benefit of creditors, assignees, and agents, and gives the Bankruptcy court power to require such persons, holding property for the bankrupt, to deliver such property to the debtor, or, other person, entitled to receive the same, and to require such persons to account to the court for the disposition of any such property, provided such delivery and accounting may not be required if the assignment was made more than four months prior to the date of bankruptcy.

Upon such accounting the court shall reexamine and determine the propriety and reasonableness of all disbursements made out of such property by such receiver, assignee, or, agent, whether made to himself, or, to others, for services and expenses under such assignment, or agency, and surcharge such assignee, or, agent, the amount of any disbursement determined by the court to have been improper, or, excessive.

J. I. Shor received an assignment from the bankrupt on November 14, 1938, and at the time there were delivered to him $3,851.13 in cash. Bankruptcy was filed on November 19th, 1938, and adjudication followed. After the adjudication, the assignee turned over to the trustee, $2,862.06, but refused to deliver the amount he had paid to himself, $385.11, plus $70.51, which latter item included an attorney's fee of $50.-00; and $533.46, which he had paid to certain creditors. There is no controversy about this latter amount paid to creditors, because proper adjustments have been made with reference thereto.

Shor claims that he paid to himself the $385.11, and the $70.51, within two days after the execution of the assignment to him. That the $385.11 was his ten percent commission. Ten percent of $3,851.13 is the amount mentioned, and this amount was to be paid to him upon the completion of his services under the assignment.

He claims that, since he had paid this to himself before the bankruptcy petition was filed, that he should be protected.

The statute seems to provide otherwise.

In a report from Mr. Chandler, the author of the amendment under scrutiny, for the committee on the judiciary to the House, there is this language:—

"(f) Surrender of or accounting for assets by assignees, receivers or trustees, appointed in proceedings not under the act.

"Section 2a (21) [11 U.S.C.A. § 11(a) (21)]: This clause is entirely new and gives to bankruptcy courts the much needed power to regulate the administration of equity receiverships, assignments for benefit of creditors and the like, supervened by bankruptcy proceedings within the four months' period. The courts have held that trustees in bankruptcy are relegated to a plenary suit as to all disbursements made prior to the filing of the petition in bankruptcy, and that has resulted in long delay and considerable unnecessary expense.

There is no logical reason why the bankruptcy court could not supervise these expenditures, since all the previous proceedings are nullified by the petition in bankruptcy followed by an adjudication. The principle is the same as that involved in section 60d of the act [11 U.S.C.A. § 96(d)] where it is provided that fees paid to the attorney for the debtor prior to bankruptcy and in contemplation thereof are subject to review by the bankruptcy court."

Any doubt that may have arisen as to the exact meaning and purpose of the amendment now disappears.

That report, and its spread, is cited in Moore's Bankruptcy Manual, 1939, under 21, at page 18.

Hence, it is useless to challenge the jurisdiction of the bankruptcy court to supervise the doings of the assignee who takes possession of all of the debtor's property within the statutory time before bankruptcy. The delay and the necessity for outside plenary action is dispensed with, and, I think, the Congress had authority to provide the change.

It must be admitted that the action was taken because the courts had been requiring a trustee in a suit, such as is this one, to go in another jurisdiction to assert the rights of the estate. Those cases are no longer authorities. The statute supersedes and makes their reasoning inapplicable.

The statute was badly needed. Many abuses had grown under the antiquated assignment practice.

The respondent, Shor, should abide by the order of the referee, and then make such claims before that official for services as are just and reasonable. Upon those services and claims, the court does not now pass, but leaves the matter up for determination of the referee.

The order of the referee is affirmed.