### SHOR v. McGREGOR.

**In re YOUNG.**
**No. 9143.**

Circuit Court of Appeals, Fifth Circuit.
June 26, 1939.

Wm. Andress, Jr., of Dallas, Tex., for appellant.

Geo. A. Smoot, of Wichita Falls, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

This is an application for allowance of an appeal in bankruptcy where less than $500 is involved under our Rule 11(2). Briefs in support of and in opposition to

the allowance have been filed. The appellant was assignee for the benefit of creditors of Nettie Young, and had reduced the assigned property to cash, had paid his expenses of $70.48, his commission of $385.11 as fixed in the assignment, and had sent out his checks to the creditors for their dividends, when within four months Nettie Young was put into bankruptcy. Checks to the amount of $533.46 had already been paid by the bank, but payment was stopped on the others, and the money against which they were drawn was paid over by the assignee to the trustee in bankruptcy. The trustee then petitioned the referee for a summary order against the assignee to compel him to turn over the $455.60 retained as commissions and expenses. The assignee appeared specially to challenge the referee's jurisdiction summarily to require the turning over of these monies to which the assignee asserted he made an adverse claim. The referee overruled this contention and entered a peremptory turn-over order. The judge confirmed the order, but stated in his opinion that under Sect. 2a (21) of the Bankruptcy Act as recently amended, 11 U.S.C.A. § 11(a)(21), the assignee after complying with the order might make claim before the referee for such compensation and expenses as are just and reasonable. The appeal contends that not a summary turn-over order but an accounting in which the reasonableness of his compensation and expenses should have been reexamined was authorized by the statute, which ought to be a plenary process, and that if the statute authorizes summary process it violates the Fifth Amendment of the Constitution, U.S.C.A.

■ We are so far convinced that the statute does authorize summary process in a case like this, and that such process is not in violation of the Fifth Amendment, that we should not allow the appeal on those grounds; but we are impressed that the referee, after overruling the objection to his jurisdiction, ought to have determined the reasonableness and propriety of the disbursements claimed to have been made, instead of requiring forthwith the turn-over of all the money disbursed. On this ground the appeal is allowed, and enforcement by contempt proceedings of the order is suspended pending the appeal. The Bankruptcy Court ought, however, to be left free, if it sees fit, to enter now upon the determination of the reasonableness and propriety of the disbursements

without further loss of time. This is permitted.

Appeal allowed.