**SHOR v. McGREGOR.**

No. 9143.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1939.

Rehearing and Motion to Reform Judgment
Denied Jan. 15, 1940.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮.

Wm. Andress, Jr., and McCombs & Andress, all of Dallas, Tex., for appellant.

Geo. A. Smoot, of Wichita Falls, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is brought by the assignee of Nettie Young under an assignment for the benefit of creditors which resulted in the adjudication of the assignor as a bankrupt within four months from the date of the assignment. When the trustee in bankruptcy qualified, appellant turned over to the trustee all of the assets in his possession not claimed by him, but retained $455.60 as expenses incurred and compensation earned at the rate of 10% of the amount realized, as provided in the assignment.

On petition by the trustee for a summary order for appellant to account for and turn over this fund, he appeared and challenged the jurisdiction of the court to issue such an order, contending that he was an adverse claimant in possession, so that the funds in his hands could be reached only by a plenary suit. The order of the referee directing payment of the amount retained was sustained on review. On application to this court, the appeal was allowed on the ground stated in its opinion reported in Shor v. McGregor, 5 Cir., 105 F.2d 140, 141.

On subsequent proceedings, compensation of $75 and expenses amounting to $69 were allowed, so that the order as finally entered and appealed from directed appellant to turn over $311.60 to the trustee. Appellant does not question the propriety of these amounts other than to challenge the summary jurisdiction of the court. He contends, first, that the Bankruptcy Act, as amended, does not confer jurisdiction to issue a summary order such as the one here involved, and second, that if the act did confer such jurisdiction, it would violate the Fifth and Seventh Amendments to the Constitution of the United States.

As to the first proposition, Section 2, sub. a (21), 11 U.S.C.A. § 11, sub. a(21) provides that the courts shall have such jurisdiction in law and in equity as will enable them to exercise original jurisdiction to require assignees for the benefit of creditors to deliver up the property of the bankrupt in their possession, to account for the disposition thereof, and to re-examine and determine the propriety and reasonableness of disbursements made to himself for services and expenses.[1] The portion of the act upon which appellant places his main reliance is the concluding sentence which says that the court shall surcharge the assignee the amount of any disbursement determined to have been improper or excessive.

▮ Section 2, sub. a(21) must be read in connection with Section 70, sub. a(8), 11 U.S.C.A. § 110, sub. a(8), where it is specifically provided that title to the property shall pass to the trustee and that the assignee shall be subject to the summary jurisdiction of the court.[2]

▮ The contention of appellant that the summary jurisdiction of the bankruptcy court is exhausted by an audit of the

---

[1] So much of the text as is pertinent is as follows:

"a. The courts of the United States hereinbefore defined as courts of bankruptcy are hereby created * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this Act [title] * * * to * * * (21) require * * * assignees for the benefit of creditors * * * to deliver the property in their possession or under their control to the receiver or trustee appointed under this Act [title] * * * and in all such cases to account to the court for the disposition by them of the property of such bankrupt * * *. Upon such accounting, the court shall reexamine and determine the propriety and reasonableness of all disbursements made out of such property by such * * * assignee * * * either to himself or to others, for services and expenses under such * * * assignment * * * and shall * * * surcharge such * * * assignee * * * the amount of any disbursement determined by the court to have been improper or excessive."

[2] "a. The trustee * * * shall * * * be vested by operation of law with the title of * * * (8) property held by an assignee for the benefit of creditors appointed under an assignment which constituted an act of bankruptcy, which property shall, for the purposes of this Act [title], be deemed to be held by the assignee as the agent of the bankrupt and shall be subject to the summary jurisdiction of the court."

account, and that charging back the amounts withheld as expenses and compensation is merely the preliminary step to a plenary suit necessary for its recovery, is fully answered by the provision of Section 70, sub. a(8). This is new legislation and places the assignee for the benefit of creditors on the same footing, as to compensation and expenses, as the attorney for the bankrupt under Section 60, sub. d, of the act, 11 U.S.C.A. § 96, sub. d, prior to the amendment of 1938. Under the latter section, the summary jurisdiction of the court is too well established to be questioned. Cf. In re Wood, 210 U. S. 246, 28 S.Ct. 621, 52 L.Ed. 1046.

The obvious purpose of the new legislation is to bring within the scope of the administrative proceedings the assets which were the property of the bankrupt when the estate reached that point or condition where the judicial bankruptcy power of the federal government would attach. Thus the test that the assignment amount to an act of bankruptcy. It is an effort to correct a condition under previous legislation whereby the bankrupt was allowed to continue to dispose of his property, either directly or through an assignee, during the period of necessary delay incident to the attachment of bankruptcy.[3] To allow such assignments is an invitation to fraud of the most vicious sort, since the best assets, or the bulk of the estate, could be disposed of as compensation to the assignee. To invalidate them without adjudication as to their fairness, in some cases, would be grossly unjust. Under the present system, the justness of the determination of any question that may arise as to compensation or expenses depends upon the ability of the judicial officers charged with the administration of the act, an incident to any judicial or administrative proceeding.

The constitutional question raised by appellant does not go to the power of Congress to provide for the re-examination of the contractual provision for compensation and expenses in judicial proceedings, but proceeds upon the theory that the rights thus acquired may not be divested except on a trial in which the course of proceedings established by common law is adopted and followed, and that summary proceedings as conducted by bankruptcy courts do not meet these requirements.

Since this is new legislation, there are no authorities by which we may be guided; but a consideration of the nature of the summary jurisdiction of bankruptcy courts should not leave the matter in doubt. Proceedings in bankruptcy are primarily in rem.[4] We need not trace the concept back to the period when the proceedings related to a trader whose bench (bank) had been broken (rupted) by his fellow traders because he was no longer able to fulfill his obligations and had absconded to avoid imprisonment for debt; or when the adjudication was the result of a criminal proceeding resulting in his incarceration. In Blackstone's day, a bankrupt was defined as a trader who secretes himself, or does certain other acts tending to defraud his creditors.[5] The words, bankrupt and adjudication, now have statutory definitions, rooted in the history of the bankruptcy law as it existed prior to the adoption of our constitution.[6] The administration, by summary or other proceedings, is of the property equitably vested in the creditors because the former owner no longer can claim any equity therein, except as the more lenient laws of an enlightened age protect against precipitate destitution.

The proceeding is begun either by the voluntary submission of the person to the jurisdiction of the court, or by the service of legal process and adjudication by plenary suit. In this proceeding, all of the forms and modes of procedure of a common-law suit, requisite to due process of law, are preserved, and the issue, upon which the summary jurisdiction is made to depend, is triable by jury. When adjudication results, all the right, title, ownership, and possession of the bankrupt as to his property, wherever situated and however held, passes to the bankruptcy court, whether actual possession be in a trustee, receiver, marshal, referee, the bankrupt, or some one holding as the agent of the bankrupt. Such possession is the possession of the bankruptcy court, either because it is in one of its officers or because it is in a person equally subject to the control of the court.

The possession of a mere agent of the bankrupt presents no difficulty, since the control of the bankrupt as principal passes to the court.[7] Possession of bona fide ad-

---

[3] In re Young, D.C., 27 F.Supp. 692.
[4] Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 32 S.Ct. 96, 56 L.Ed. 208.

[5] 2 Blackstone 285.
[6] Bankruptcy Act, § 1, 11 U.S.C.A. § 1.
[7] White v. Schloerb, 178 U.S. 542, 20 S.Ct. 1007, 44 L.Ed. 1183; Babbitt v.

verse claimants is in another category, since dominion over the property cannot be asserted until the claim has been litigated.[8] But the initial question to be determined at the outset with reference to the property having come under the jurisdiction of the court is whether or not the equities have already vested in the creditors so that legal control should follow. The provision here in question is that the title shall pass where the property is held by an assignee for the benefit of creditors where the assignment constituted an act of bankruptcy. By committing the act of bankruptcy, the assignor vests the equitable title in his creditors. By relating the adjudication back to the date of the assignment, the new act simply gives full force and effect to the judgment entered in the plenary proceeding wherein the debtor is adjudged a bankrupt. The jurisdiction of the bankruptcy court is substituted for the control which the bankrupt sought to and might have exercised, had bankruptcy not followed. The title of the assignee, while being for the benefit of the creditors, could come only from the bankrupt. As to his compensation and expenses, his position is not as good as that of a creditor, since he contracted as to services to be performed, while the creditors were already the owners of their claims. Since the entire transaction is nullified, the creditors being relegated to their remedies in the bankruptcy court, the assignee cannot complain if he is likewise relegated thereto and required to do equity.

■ Our conclusion is that the legislation here involved is within the bankruptcy power conferred upon Congress, that it does not offend against the Fifth and Seventh Amendments, U.S.C.A.Const., and, there being no attack upon the amount of the allowance made by the court below, that the order directing appellant to turn over the excess funds remaining in his hands was proper.

The order appealed from required appellant to turn over all of the funds in his hands; on subsequent proceedings, that order was amended as stated; the one we now affirm requires him to turn over only the balance in his hands after deducting his just compensation. Therefore, the order now before us will be affirmed, but with a provision that the costs of this appeal shall be taxed against appellee.

Affirmed.

SIBLEY, Circuit Judge (concurring).

The amended Bankruptcy Act clearly contemplates summary procedure in settling with the assignee. He received the assignment with the law, in effect, written into it. Summary procedure fairly conducted is not a denial of due process of law. I think all civil procedure could by statute be made summary where jury trial is not a constitutional right. Fixing the compensation of an assignee in the bankruptcy case of his assignor is not a suit at common law in which a jury trial is a constitutional right.

Dutcher, 216 U.S. 102, 30 S.Ct. 372, 54 L.Ed. 402, 17 Ann.Cas. 969; Board of Trade of Chicago v. Johnson, 264 U.S. 1, 44 S.Ct. 232, 68 L.Ed. 533.

[8] Louisville Trust Co. v. Comingor, 184 U.S. 18, 22 S.Ct. 293, 46 L.Ed. 413; First National Bank of Chicago v. Chicago Title & Trust Co., 198 U.S. 280, 25 S.Ct. 693, 49 L.Ed. 1051.